# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: July 2, 2026
Reissued for Public Availability: July 27, 2026

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| KENNETH BERARD, | * | |
| | * | |
| Petitioner, | * | No. 23-1690V |
| | * | |
| v. | * | Special Master Young |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Kenneth Berard*, *pro se*, Vancouver, WA, for Petitioner.
*Madylan Louise Yarc*, U.S. Department of Justice, Washington, DC, for Respondent.

## <u>**DISMISSAL DECISION**</u>[1]

On July 30, 2025, Petitioner filed a motion to stay his expert report deadline due to the withdrawal of Petitioner's counsel. ECF No. 34. On July 31, 2025, I granted this motion and directed Petitioner to file a status report updating me on the progress of obtaining new counsel by no later than August 29, 2025. Non-PDF Order, docketed July 31, 2025. Petitioner subsequently submitted status reports on August 29, 2025, September 26, 2025, and October 29, 2025, indicating that he had still not found replacement counsel. ECF Nos. 35, 38–39. Accordingly, on October 31, 2025, I issued an order directing Petitioner to either file with replacement counsel or indicate his intention to proceed *pro se* by no later than Monday, December 1, 2025. ECF No. 40. On December 1, 2025, Petitioner filed a status report indicating his intention to proceed *pro se*. ECF No. 41.

Because Petitioner's claim was in the expert reports stage, on December 11, 2025, I held a status conference in this case to discuss Petitioner's counsel's pending motion to withdraw and Petitioner's efforts to obtain alternate counsel. *See* Min. Entry, docketed Dec. 11, 2025. I explained to Petitioner that given the off-Table nature of his claim, he would require an expert report to continue litigating his case. I noted the difficulties of obtaining such a report without being represented by counsel. Due to the upcoming holiday season, Petitioner requested additional time to continue to seek representation. I also explained to Petitioner's counsel that if her motion to withdraw was granted, she would have to rely on Petitioner to communicate any updates as well as to receive any potential funds awarded from her pending motion for interim attorneys' fees and

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on June 17, 2026, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

costs. Petitioner's counsel indicated she would remain the attorney of record and therefore continue to be responsible for communicating updates to Petitioner about his case, until her pending motion for interim attorneys' fees and costs has been adjudicated. Accordingly, I ordered Petitioner to submit either a motion for substitution of counsel or a status report indicating how he wished to proceed by no later than February 2, 2026. ECF No. 44.

Petitioner filed two more status reports on February 2, 2026, and March 2, 2026, indicating that he had still not found replacement counsel. *See* ECF Nos. 47–48. I subsequently issued an Order to Show Cause as to why Petitioner's claim should not be dismissed, and explained that the filing of a substantive expert report or the filing of a motion to substitute counsel would serve as compliance with the Order. ECF No. 51. On March 17, 2026, Petitioner's counsel filed a second motion to withdraw as counsel. ECF No. 53. Petitioner's counsel then filed a motion for a ruling on her motion to withdraw as counsel on April 15, 2026. ECF No. 54. I denied Petitioner's motion for a ruling on April 23, 2026, staying her motion to withdraw and reiterating that Petitioner's response to the Order to Show Cause remained due by no later than May 4, 2026. ECF No. 55. Petitioner filed his response to the Order to Show Cause on May 4, 2026, in which he requested I rule on his counsel's motion to withdraw and grant him additional time to respond *pro se*. ECF No. 56 at 2.

Because of the nature of Petitioner's response, on May 20, 2026, I held a status conference between the parties. *See* Min. Entry, docketed May 20, 2026. At this conference I confirmed that Petitioner was aware of the implications of my Order to Show Cause and that he was comfortable to proceed *pro se* if I granted his attorney's motion to withdraw. I further explained that due to the current stage of litigation and the length of time this case had been paused, if he was unable to comply with the terms of my Order to Show Cause I would dismiss his case without further warning. Petitioner indicated his understanding of these circumstances. Accordingly, I granted Petitioner's counsel's motion to withdraw on May 28, 2026, and directed Petitioner to file a response to the Order to Show Cause by no later than June 30, 2026. ECF Nos. 65–66. As of the date of this filing, Petitioner has not submitted any response to the Order to Show Cause.

Petitioner has been afforded 338 calendar days to procure alternate counsel or file an expert report in support of his claim, and in this process has been warned several times that the continued failure to adhere to Court orders would result in an Order to Show Cause and dismissal of his cause. *See* ECF Nos. 40, 48, 51, 55, 66. Though I empathize with the difficulties faced by *pro se* petitioners, especially where an expert report is required to proceed with one's claim, I cannot continue to allow this case to languish on the docket any further. Both *pro se* petitioners and petitioners represented by counsel are held to the same procedural requirements by this Court, and when a petitioner fails to comply with Court orders to prosecute his case, the Court may dismiss his claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Therefore, Petitioner's case is **DISMISSED** for failure to prosecute, specifically for a failure to adhere to Court orders regarding the filing of evidence to substantiate his claim. The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.