# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: May 27, 2026

| | | |
|---|---|---|
| KENNETH BERARD, Petitioner, | * | No. 23-1690V |
| v. | * | Special Master Young |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

*Wendy Cox*, Siri & Glimstad, LLP, Austin, TX, for Petitioner
*Madylan Louise Yarc*, United States Department of Justice, Washington, DC, for Respondent

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On May 26, 2026, Kenneth Berard ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$94,761.18** for the work of his counsel, Wendy Cox. Pet'r's Motion for Interim Attorneys' Fees & Costs ("Pet'r's Mot.") at 1, ECF No. 57.[2] This amount consists of $89,938.90 in fees and $4,822.28 in costs. *Id.* at 3. Petitioner has not incurred any personal costs related to the prosecution of his petition. *Id.* On May 27, 2026, Respondent filed his response to Petitioner's motion. Resp't's Response, ECF No. 58. In his response, Respondent stated that he "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. For the reasons stated below, I will award interim attorneys' fees and costs to Petitioner's counsel, Ms. Cox.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner previously filed motions for interim attorneys' fees and costs on December 2, 2025, and March 3, 2026. *See* ECF Nos. 42, 50. However, Petitioner's most recent motion incorporates all costs requested in her prior motions. Accordingly, I will not address Petitioner's prior motions.

# I. Availability of Interim Attorneys' Fees and Costs

## A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." § 15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of interim fees and costs are met.

## B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs*., 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." *Shaw v. Sec'y of Health & Hum. Servs*., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs*., No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs*., No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year.").

An entitlement decision has not been issued, and Ms. Cox has a pending motion to withdraw as the attorney of record in this case. *See* ECF No. 53. Petitioner's fees and costs have accumulated in the course of litigation. Petitioner submitted an itemization of attorney fees and a summary and documentation of costs. Petitioner's counsel requested a total of **$91,227.86** in fees and expenses, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs*., No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings, and the fact that Ms. Cox will withdraw as counsel and no longer be on the case, I find an award of interim attorneys' fees and costs reasonable and appropriate for her work completed in this case.

# II. Reasonable Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**A. Hourly Rate**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules from 2015 to 2026 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his counsel: for Ms. Wendy Cox, $390.00 per hour for work performed in 2023, $430.00 per hour for work performed in 2024, $450.00 per hour for work performed in 2025, and $551.00 per hour for work performed in 2026; for Ms. Jessica Wallace, $275.00 per hour for work performed in 2022, $285.00 per hour for worked performed in 2023, and $359.00 per hour for work performed in 2025; and for Ms. Alison Haskins, $510.00 per hour for work performed in 2024 and $525.00 per hour for worked performed in 2025. Petitioner also requests rates between $174.00 and $227.00 per hour for work performed by his counsel's paralegals between 2022 and 2026.

I find that Ms. Cox's 2023–2025 rates, Ms. Wallace's 2022–2025 rates, Ms. Haskins' 2024–2025 rates, and the rates requested for Petitioner's counsel's paralegals are reasonable and in accordance with what these attorneys have previously been awarded for their Vaccine Program work. However, despite requesting these rates in his fees motion, the provided invoice of attorneys' fees accompanying Petitioner's motion charges different rates than that requested. Accordingly, 44.5 hours for Ms. Cox will be reduced from $430.00 per hour to $390.00 per hour for work performed in 2023, for a total reduction of $1,780.00.[4] Further, Ms. Cox's 2026 rate has not yet been adjudicated in the Program. Per Ms. Cox's declaration, filed on December 2, 2025, she became a licensed attorney in 2005 and has continued to practice law since her licensure. Pet'r's Ex. 19 at 1. At the time of filing her declaration in 2025, Ms. Cox had 19 years of experience as an attorney—as of the writing of this decision, she now has approximately 20. *See id.* According

[3] The OSM Fee Schedules are available at: https://www.cfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] (44.5 x $430.00) – (44.5 x $390.00) = $1,780.00.

to the OSM Fee Schedule, attorneys with 20 to 30 years of experience may be awarded an hourly rate between $552.00 and $655.00 per hour. Because Ms. Cox just recently garnered enough experience to fall into this range, and because Ms. Cox requests a rate below the minimum amount associated with her level of experience, I find this request reasonable. Accordingly, I will award her 2026 rate in full.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be mostly reasonable. Counsel provided sufficiently detailed descriptions for the tasks performed. However, I find a reduction necessary because there were several entries billed for filing. Further, most of the entries for filing were included with other tasks. Because this constitutes block billing, it is impossible to discern how much time was spent on compensable versus noncompensable tasks. Therefore, I find a 5% reduction reasonable. This results in a reduction of $4,496.95.[5]

### C. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests a total of $4,783.16 in attorneys' costs. This amount is comprised of acquisition of medical records, the Court's filing fee, and payment to a potential expert witness. These costs have been supported with the necessary documentation and are reasonable. I will therefore award Petitioner's request for costs in full.

[5] $89,938.90 x 5% = $4,496.95.

## III. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I award Petitioner the following in interim attorneys' fees and costs:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $89,938.90 |
| (Reduction) | -$6,276.95 |
| **Interim Attorneys' Fees Awarded** | **$83,661.95** |
| | |
| Interim Costs Requested | $4,822.28 |
| (Reduction) | -$0.00 |
| **Interim Costs Awarded** | **$4,822.28** |
| **Total Amount Awarded** | **$88,484.23** |

**Accordingly, I award a lump sum in the amount of $88,484.23, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[6]

**IT IS SO ORDERED.**

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.